**Junior LINEBERRY a/k/a Leander Lineberry, Jr., Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 90–0632–CV–W–5.**

United States District Court, W.D. Missouri, W.D.

Aug. 8, 1991.

Susan J. Fershee, Dennis W. Jennings, Kansas City, Mo., for plaintiff.

E. Eugene Harrison, U.S. Attys. Office, Frank V. Smith, III, Dept. of Health & Human Services, Kansas City, Mo., for defendant.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Before the Court is plaintiff's application for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (1985). For the following reasons, plaintiff's motion is denied as premature.

It has been the policy of this Court to retain jurisdiction of remanded Social Security disability claims. This policy was developed to ensure final adjudication of such claims in a timely fashion. It is the experience of this Court that Social Security claimants are often subjected to a prolonged administrative process in order to have their rights fully adjudicated.

The EAJA states, "A party seeking an award of fees and other expenses shall,

within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection...." 28 U.S.C. § 2412(d)(1)(B). In *Melkonyan v. Sullivan*, ––– U.S. –––, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), the Secretary argued that the time for EAJA filing commenced with judgments issued by administrative agencies. The Supreme Court disagreed and explained, "[I]t is the court before which the civil action is pending that must render the 'final judgment' that starts the running of the 30–day EAJA filing period." *Id.* at –––, 111 S.Ct. at 2161. In a unanimous decision, the Court determined that the EAJA requires a final judgment by a court of law, not a final administrative decision. *Id.*

 In light of Congress's intent and the requirement that a final judgment be entered by the district court, this Court concludes that the EAJA filing period does not commence until the District Court enters final judgment.

The policy of retained jurisdiction has been previously acknowledged by the Eighth Circuit. *See Robertson v. Sullivan*, 925 F.2d 1124 (8th Cir.1991). Additionally, the policy has been continued by this district. *See Mautino v. Sullivan*, No. 86–0780–CV–W–6 (W.D.Mo. July 1, 1991) (order entered). Therefore, consistent with this Court's policy of retaining jurisdiction, this case is now properly dismissed.

 The Court recognizes that the *Melkonyan* decision will change the way this Court remands to the Secretary in the future. In the future, the Court will specify sentence four or sentence six remand. *See Melkonyan*, ––– U.S. –––, 111 S.Ct. 2157. However, in this case, the prevailing party had no notice as to the *Melkonyan* decision, whether this was a sentence four or six remand, or when to file for attorney fees. Plaintiff followed this Court's practice. In this case, no final judgment was entered by this Court. Therefore, plaintiff understood that the Court retained jurisdiction and he waited to file for EAJA fees until after the administrative proceedings on remand.

The thirty-day time period in which plaintiff may file for attorney fees under the EAJA has not commenced in this case, because final judgment has not yet been entered. The EAJA filing period will start to run subsequent to the expiration of time allowed for the appeal of this decision. Accordingly, it is hereby

ORDERED that all matters in this case having been disposed of, final judgment in this case shall be entered. It is further

ORDERED that plaintiff's motion for attorney fees under the Equal Access to Justice Act (EAJA) is denied as premature.