Edward **NELSON**, Plaintiff,

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.**

No. 86 C 9219.

United States District Court, N.D. Illinois, E.D.

Aug. 13, 1991.

Carl Flaningam, Legal Assistance Foundation of Chicago, Chicago, Ill., for plaintiff.

Ernest Ling, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

This case (originally brought against Otis Bowen, then Secretary of Health and Human Services ("Secretary")) was originally assigned to the calendar of this Court's then colleague, Honorable George Leighton, who granted summary judgment in Secretary's favor and against supplemental security income ("SSI") claimant Edward Nelson ("Nelson"). Our Court of Appeals then vacated and remanded the case to Secretary's Appeals Council because it had

failed (as the law required) to consider additional medical evidence tendered by Nelson after the administrative law judge ("ALJ") hearing—evidence that the Appeals Council had erroneously considered as not material (855 F.2d 503, 506–08 (7th Cir.1988)).

On remand another ALJ entered a decision in Nelson's favor on February 22, 1991. That became the final decision of Secretary (now Louis Sullivan) on April 24 when the Appeals Council did not assume jurisdiction over the case (20 C.F.R. § 416.-1484(c)). Within 30 days Nelson filed an application in this District Court for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1] Because Judge Leighton was no longer on the bench, our District Court rules required a random reassignment of the matter, and it thus came to this Court's calendar. This Court required the parties to brief the issues, and each has filed the required memoranda. Although Secretary raises three issues, it is essential to deal with the first of those—an alleged lack of subject matter jurisdiction—at the outset.[2]

### Subject Matter Jurisdiction

■ This last Term of the Supreme Court produced a definitive (and unanimous, an unusual phenomenon these days) decision (*Melkonyan v. Sullivan,* — U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991)) defining the jurisdiction of district courts to deal with EAJA motions in the context of social security cases just such as this one. Section 2412(d)(1)(B) requires any prevailing party in a civil action against the United States to submit an application for an EAJA award of fees and expenses "within thirty days of final judgment in the action." *Melkonyan* decided that the question whether an administrative decision rendered in an SSI case following a judicial

---

1. Further citations to EAJA will take the form "Section—" and will employ the numbering in Title 28 rather than EAJA's internal section numbering.

2. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin*

*Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986):

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

That identical principle also applies to a separate proceeding such as this one.

remand is a "final judgment" for that purpose depends on whether:

1. the remand was pursuant to the fourth sentence ("Sentence Four") of Social Security Act § 205(g), 42 U.S.C. § 405(g) ("Section 405(g)"),[3] in which event that very remand order is the final judgment from which the EAJA time clock begins to run; or

2. the remand was pursuant to the sixth sentence ("Sentence Six") of Section 405(g),[4] in which event Secretary must return to the District Court to obtain entry of the final judgment.

Secretary urges that the remand here was under Sentence Four because it assertedly fit into neither of the two categories within Sentence Six: either a pre-answer remand on Secretary's motion (which was undisputedly not the situation here) or a remand for consideration of additional evidence. But that position reflects a warped view of the concept of "new evidence," one that cannot be arrived at (even arguably) except by substituting the shorthand phrase employed by Justice O'Connor in *Melkonyan*[5] for the *actual* language of Sentence Six that a court has the power to remand under these circumstances:

[I]t may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to

**3.** Sentence Four reads:
The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

**4.** Sentence Six reads:
The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding, and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the

incorporate such evidence into the record in a prior proceeding. . . .

Even the Supreme Court cannot amend a statute, though to be sure it can impart the judicial gloss that may alter the statute's literal or apparent meaning. Nothing in either *Finkelstein* or *Melkonyan* even hints that Justice O'Connor's shorthand summary of Sentence Six had that purpose. And surely a reading of our own Court of Appeals' decision in this case makes it plain that Secretary's self-imposed blinders (acting through his Appeals Council) in refusing to take cognizance of the additional medical evidence made it "new evidence which is material" within the meaning of Sentence Six, and there was assuredly "good cause" so far as Nelson is concerned by reason of the Appeals Council's refusal.

Indeed, were that not the case our Court of Appeals' remand back in 1988 would itself have been in peril of violating the statute under Secretary's view, because what our Court of Appeals did at that time really did not fit Sentence Four at all. In fact, the newly-donned set of Secretary's self-imposed blinders in connection with this fee petition involves a deliberate disregard of the *first* sentence quoted from Justice O'Connor's opinion in this opinion's n. 5—for that sentence describes perfectly what our Court of Appeals did as "not rul[ing] in any way as to the correctness of the administrative determination."

court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

**5.** Summarizing the Court's opinion issued a year earlier in *Sullivan v. Finkelstein*, — U.S. —, 110 S.Ct. 2658, 2664, 110 L.Ed.2d 563 (1990), Justice O'Connor said of the second type of Sentence Six remand (*Melkonyan*, 111 S.Ct. at 2163):

The District Court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding.

But even though Secretary is therefore entirely wrong in his jurisdictional argument, a correct analysis of *Melkonyan* discloses another—this time legitimate— potential jurisdictional defect. *Melkonyan* specifically teaches that *no* final judgment has yet been entered in this case, because the last action taken by the government was an *administrative* award of the SSI benefits to Nelson. *Melkonyan*, 111 S.Ct. at 2162 (emphasis in original) says:

> We conclude that, notwithstanding the 1985 amendment, Congress' use of "judgment" in 28 U.S.C. § 2412 refers to judgments entered *by a court of law,* and does not encompass decisions rendered by an administrative agency. Accordingly, we hold that a "final judgment" for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30–day EAJA clock begins to run after the time to appeal that "final judgment" has expired.

And applying that holding to Section 405(g)'s Sentence Six, *Melkonyan* went on to say (*id.* at 2165):

> In sentence six cases, the filing period [under EAJA] does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs.

> \*   \*   \*   \*   \*   \*

> If petitioner is correct that the court remanded the case under sentence six, the Secretary must return to District Court, at which time the court will enter a final judgment. Petitioner will be entitled to EAJA fees unless the Secretary's initial position was substantially justified, a question which was not addressed by the Court of Appeals.

**6.** Two other matters are worth mentioning here. First, this Court of course expresses no opinion as to the situation that might be presented if Secretary were not to comply with his statutory duty, thus potentially frustrating a claimant's ability to seek EAJA relief. There is no reason to believe Secretary would ever do that. Second, *Melkonyan*, 111 S.Ct. at 2165–66 reserved ruling as to whether EAJA's requirement that the fee application must be filed "within thirty

Accordingly this Court cannot now turn to the merits of the issues posed by the parties, for the precondition of a final judgment in Nelson's favor does not exist. Secretary is therefore directed to comply with Sentence Six by applying to this Court for a final judgment based upon his recent final decision awarding benefits to Nelson, at which point Nelson's petition for fees will clearly be within this Court's jurisdiction and the other issues can be decided.[6]

days of final judgment in the action" (Section 2412(d)(1)(B)) would allow a prevailing party to apply for fees even *before* entry of the final judgment. Unless either party were to raise an issue in that respect, this Court would contemplate that the already-filed application and the parties' already-filed memoranda would stand for the same purposes, and would be considered by this Court without any need for refiling, once a final judgment is properly entered.