**Franziska LINKINS, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of the Department of Health and Human Services of the United States, Defendant.**

**No. 88–935–Civ–J–16.**

United States District Court,
M.D. Florida,
Jacksonville Division.

Oct. 18, 1991.

Sarah H. Bohr, Jacksonville Area Legal Aid, Inc., Jacksonville, Fla., for plaintiff.

Ralph J. Lee, Asst. U.S. Atty., Jacksonville, Fla., for defendant.

## ORDER

JOHN H. MOORE, II, District Judge.

This cause is before the Court on Plaintiff's petition for attorney's fees, filed May 24, 1991. Defendant filed a response in the form of a motion to dismiss on July 23, 1991. Plaintiff's response was filed September 17, 1991. For the reasons set forth below, Defendant's motion to dismiss will be denied, and Plaintiff's petition for attorney's fees will be granted.

### Facts

Plaintiff initially applied for supplemental security income benefits on August 4, 1987. After her claim was denied in the administrative process, she sought judicial review in this Court. On January 11, 1990, this Court remanded the case to the Secretary for further proceedings. The remand was ordered because the Secretary failed to consider Plaintiff's impairments in combination and improperly evaluated Plaintiff's subjective pain complaints. On remand, an administrative law judge issued a fully favorable decision finding that Ms. Linkins was disabled since August 4, 1987. On March 5, 1991, Plaintiff filed an unopposed motion to affirm the Secretary's decision subsequent to remand, which this Court granted in an order dated April 24, 1991. Plaintiff then filed her petition for attorney's fees. In opposition to Plaintiff's petition for attorney's fees, the government has filed a motion to dismiss, arguing that Plaintiff's petition is untimely in light of the United States Supreme Court's recent decision in *Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

### Discussion

Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, a prevailing party seeking an award of attorney's fees must submit an application for fees within thirty days of "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). In *Melkonyan,* the Supreme Court held that "final judgment" for purposes of section 2412(d)(1)(B) "means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." *Melkonyan,* 111 S.Ct. at 2162. A "final judgment" does not encompass decisions rendered by an administrative agency. *Id.*

The *Melkonyan* Court also decided that only two types of remand are permitted under 42 U.S.C. § 405(g). The Supreme Court identified these as sentence four remands and sentence six remands. Sentence four of section 405(g) authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." Sentence six of section 405(g) allows a court to remand when new and material evidence is discovered that was not available to the claimant at the time of the administrative proceeding. *See Melkonyan,* 111 S.Ct. at 2163. The Court concluded that "remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in sentence six." *Id.* at 2165. At issue in *Melkonyan* was what appeared to be a sentence six remand, although the District Court's remand was unclear on this point. *Id.* The Supreme Court held that, in a sentence six case, the EAJA filing period begins to run after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period has run. *Id.* The Court also stated in dicta that in sentence four cases the filing period begins after the final judgment ("affirming, modifying, or revers-

ing") is entered by the court and the appeal period has run. *Id.*

The parties agree that the remand order entered by this Court was pursuant to sentence four. Based on *Melkonyan,* the government argues that a "final judgment" was entered in this cause on January 11, 1990, the date on which this Court remanded the case to the Secretary. The government alleges that the petition is untimely since it was not filed within 30 days of the remand order and after the time for filing an appeal lapsed.

The Court rejects the government's interpretation of *Melkonyan.* As an initial matter, *Melkonyan* dealt with a sentence six remand order, not a sentence four remand; consequently, statements in *Melkonyan* which discuss sentence four remand orders and their effect on EAJA filing deadlines are merely dicta.

More importantly, nowhere in *Melkonyan* did the Court state that a sentence four remand order starts the filing period for a party seeking EAJA attorneys fees. *Cf. Spannagel v. Sullivan,* No. 89–2609–Civ–Davis, slip op. (S.D.Fla. Sept. 10, 1991). The Court did say that a sentence four remand order "must ... accompany a final judgment affirming, modifying, or reversing the administrative decision...." *Melkonyan,* 111 S.Ct. at 2165. However, this statement only reiterates the principle set forth in *Sullivan v. Finkelstein,* 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), where the Court held that a sentence four remand order which effectively "terminated the civil action challenging the Secretary's final determination" was a final appealable "judgment" as contemplated by the Social Security Act. *Id.* 110 S.Ct. at 2664. The sentence four remand at issue in the case at bar fundamentally differs from the remand order in *Finkelstein,* because this Court's remand order did not terminate the action. Instead, this Court's order in effect held that the Secretary had committed a legal error in his evaluation of Plaintiff's claim. The Court remanded and retained jurisdiction over the action pending the Secretary's decision in order to assure that the Court's mandate was effectuated properly. Thus, although the Court did enter a sentence four remand, that order was not a "final judgment" for purposes of triggering the EAJA filing period.

The rule urged by the government would turn the EAJA on its head, since Plaintiff in this case was not a "prevailing party" entitled to fees until after the post-remand proceedings were completed. It is well-settled that to be "a prevailing party in a Social Security case, it is not sufficient for a claimant merely to obtain a court-ordered remand for additional administrative proceedings." *Myers v. Sullivan,* 916 F.2d 659, 666 (11th Cir.1990); *see also Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 2255, 104 L.Ed.2d 941 (1989) (stating that "a Social Security claimant would not, as a general matter, be a prevailing party within the meaning of the EAJA merely because a court had remanded the action to the agency for further proceedings."). "Rather, the claimant must establish actual entitlement to some relief on the merits of his or her claims." *Myers,* 916 F.2d at 666; *see also Hudson,* 109 S.Ct. at 2255 (stating that "in order to be considered a prevailing party, a plaintiff must achieve some of the benefit sought in bringing the action."). The government's proposed rule would require Plaintiff to have filed a petition for fees upon obtaining the sentence four remand from this Court. However, such a petition would have been premature, since Plaintiff did not become a prevailing party for more than eight months after this Court's remand. And now that Plaintiff has achieved prevailing party status, the government argues that she is time-barred. As stated by the Supreme Court in *Hudson,* this Court "find[s] it difficult to ascribe to Congress an intent to throw the Social Security claimant a lifeline that it knew was a foot short." *Hudson,* 109 S.Ct. at 2256.

*Hudson* itself implicitly supports this Court's holding. In *Hudson,* the Supreme Court held that the EAJA permits a District Court to award attorney's fees to a Social Security claimant for representation provided during administrative proceedings held pursuant to an order remanding the action to the Secretary. *Id.* at 2258. The remand order entered by the District Court

in *Hudson* was a sentence four remand almost identical to this Court's remand order, pursuant to a finding that the Secretary failed to consider the combined effect of impairments even where no single ailment considered in isolation would be disabling. *Id.* at 2252. After obtaining full relief from the agency on remand, Hudson returned to District Court and filed a petition for an award of EAJA attorneys fees. *Id.* Neither the Secretary nor the *Hudson* Court ever questioned the timeliness of the fee petition presented in that case. In fact, in *Hudson* the Secretary even conceded the remand order from the district court was not a final determination of the civil action and that the district court properly retained jurisdiction to review any determination rendered on remand. *Id.* at 2255; *see Taylor v. Heckler*, 778 F.2d 674, 677 n. 2 (11th Cir.1985).

*Melkonyan* also supports this reading of *Hudson*. The *Melkonyan* Court approved the decision in *Hudson, see* 111 S.Ct. at 2162, and emphasized that a "final judgment" for EAJA filing purposes "means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received." This Court's remand order was simply not a final judgment that terminated the civil action. *See Welter v. Sullivan*, 941 F.2d 674 (8th Cir.1991) (holding that district courts may enter dispositive "sentence four" judgments after the post-remand administrative proceedings have been completed).

Turning to the merits of the petition, the Court will grant fees for the requested hours, including *Hudson* post-remand hours, at the rates of $100 per hour for time spent by attorneys and $35 per hour for time spent by a paralegal. Accordingly, it is now

ORDERED AND ADJUDGED:

Plaintiff's petition for attorney's fees is granted. Defendant's motion to dismiss is denied. Attorney's fees for Plaintiff are awarded in the amount of $3,580.50.

DONE AND ORDERED.