Petition of George H. THOMASON.

Linda Joyce JOHNSON, SSN: 247–06–0762, Plaintiff,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.

Civ. A. No. 7:89–420–20K.

United States District Court, D. South Carolina, Spartanburg Division.

Nov. 21, 1991.

George H. Thomason, Spartanburg, S.C., for plaintiff.

J.D. McCoy, III, Asst. U.S. Atty., Greenville, S.C., for defendant.

## ORDER

HERLONG, District Judge.

In this matter, the petitioner is seeking attorney fees, costs, and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The petitioner, George H. Thomason ("Thomason"), represented the plaintiff, Linda Joyce Johnson ("Johnson"), in an action to obtain Social Security disability insurance benefits.

Johnson filed applications for disability insurance benefits and supplemental security income benefits on December 23, 1987, alleging disability since October 1981 due to a nervous condition, inner ear problems,

and dizziness. The applications were denied by the Social Security Administration on February 25, 1988, and again on reconsideration on April 29, 1988. Johnson requested a hearing on May 6, 1988. On September 29, 1988, the administrative law judge ("ALJ") found that Johnson was not under a disability as defined in the Social Security Act, as amended. This became the final decision of the Secretary of Health and Human Services ("Secretary") on January 10, 1989, when the Appeals Council rejected Johnson's request for review and approved the findings of the ALJ.

On February 10, 1989, Johnson filed a complaint in this court, pursuant to 42 U.S.C. § 405(g), seeking to challenge the denial of her Social Security applications. The Secretary filed an answer on July 13, 1989. On March 30, 1989, Magistrate Judge Catoe entered a Report and Recommendation that the Secretary's final decision denying disability be affirmed. By Order entered December 3, 1990,[1] this court declined to adopt the Report and Recommendation of Magistrate Judge Catoe. This court remanded the case to the ALJ to consider additional evidence because the court found that the ALJ's decision was not supported by substantial evidence. That order clearly stated that no view was expressed as to the merits of the claims.

On remand, a supplemental hearing was held on March 5, 1991. On March 20, 1991, a decision was issued granting Johnson disability insurance benefits for a disability period beginning September 30, 1986. As to her application for supplemental security income, she was found to be disabled as of the date of the application, December 23, 1987. This became the final decision of the Secretary.

On June 5, 1991, Johnson filed a motion asking this court to affirm the final decision of the Secretary. On June 17, 1991, the Secretary, pursuant to *Guthrie v. Schweiker*, 718 F.2d 104 (4th Cir.1983), also filed a motion to affirm the final decision, which was a completely favorable decision for Johnson. In a consent order filed July

1. By the Honorable Clyde H. Hamilton, United States District Court Judge.

1, 1991 and entered July 5, 1991,[2] this court affirmed the final decision of the Secretary. On July 29, 1991, Thomason filed this application for attorney fees, costs, and expenses under the EAJA.

The Secretary has filed a motion to dismiss the application for attorney fees, costs, and expenses based on the assertion that the application is untimely.

To be timely under the EAJA, an application must be submitted to the court within thirty (30) days of a "final judgment" in the action. 28 U.S.C. § 2412(d)(1)(B). A final judgment is "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). The United States Supreme Court recently resolved a dispute among the Circuits concerning the meaning of a "final judgment" under the EAJA in *Melkonyan v. Sullivan,* — U.S. —, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). The Court unanimously held that "a 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30–day clock begins to run after the time to appeal that 'final judgment' has expired." *Melkonyan* 111 S.Ct. at 2162.

The Court stated that in civil actions under 42 U.S.C. § 405(g) seeking review of the Secretary's denial of disability benefits, there are *only* two kinds of possible remands. *Melkonyan* 111 S.Ct. at 2164. These are remands under sentence four and under sentence six of § 405(g). Under sentence four, this court may remand in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision. *Id.* Pursuant to sentence six, this court may remand for the taking of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision, but only upon a showing that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. *Id.*

The time for filing an application under the EAJA has been affected by the Court's limiting remands to the two types stated in § 405(g). In a sentence four case, the filing period begins after the judgment remanding the case is entered and the appeal period has run. *Id.* 111 S.Ct. at 2165. A sentence four remand is a "final judgment" under the EAJA. In a sentence six case, the filing period does not begin until after the post-remand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period has run. *Id.* A sentence six remand is not a "final judgment" under the EAJA.

This court finds that the remand entered on December 3, 1990 was not a sentence four remand. That order did not affirm, modify, or reverse the decision of the Secretary. It was not a judgment intended to "terminate the civil action for which EAJA fees may be received." *Id.* 111 S.Ct. at 2162.

This court finds that the remand entered on December 3, 1990 was a sentence six remand. The remand ordered the taking of additional evidence. No substantive ruling was made as to the merits of the Secretary's decision. The opinion of the vocational expert based on a hypothetical which matched the facts of the record of this case was new, relevant, and material evidence. This court finds that the failure of the ALJ to pose such a hypothetical to the vocational expert was a flaw in the process. The showing of such a flaw was "good cause" for the failure of the additional evidence to be incorporated in the record of the prior proceedings.[3]

The judgment in this case was entered July 5, 1991. A judgment is a "final judgment" under the EAJA after the time for appeal has run. In an action in which the United States or an officer or agency thereof is a party, the time to appeal is within sixty (60) days after the entry of the judgment appealed from. Fed.R.App.P. 4(a)(1).

---

**2.** By the Honorable Clyde H. Hamilton, United States District Court Judge.

**3.** The Order remanding the case entered December 3, 1990 does not expressly state that this court found such "good cause"; however, this court did and does so find.

Therefore, a "final judgment" was not entered until after September 3, 1991. The application for attorney fees, costs, and expenses under the EAJA would be untimely if filed after October 3, 1991. The application was filed on July 29, 1991. The application was not untimely.

Since this court finds that the application was timely filed, the court turns to the merits of the application. Attorney fees, costs, and expenses may be awarded to a prevailing party, unless this court finds that the position of the United States was substantially justified or special circumstances make the award unjust. 28 U.S.C. § 2412(d)(1)(A). This case does not appear to present any special circumstances that make the award unjust. Therefore, the court must determine from the record whether or not the position of the United States was substantially justified.

Substantially justified means " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). This standard is "no different from the 'reasonable basis both in law and fact' formulation adopted by ... the vast majority of the Courts of Appeal that have addressed this issue." *Id.; See Anderson v. Heckler*, 756 F.2d 1011, 1013 (4th Cir.1985).

■ A summary of the pertinent evidence reveals that Johnson was born on February 10, 1955. She completed the ninth grade and has worked as a spinner, a trimming machine operator, a packer, and a janitorial worker.

The record reveals Johnson was seen at the Spartanburg General Hospital Outpatient Clinic on April 20, 1986, for anxiety. She was prescribed medication and directed to return for a follow-up appointment in two months.

On September 29, 1986, Johnson returned to the outpatient clinic with complaints of nervousness and high blood pressure. The doctor noted her blood pressure was 140/90 and her weight was 277 pounds.

Johnson was seen in the outpatient clinic on March 23, 1987, with complaints of aching, weakness, diarrhea, and extreme dizziness. She was referred to an ear, nose and throat clinic for evaluation.

On April 15, 1987, Johnson was evaluated by Dr. William N. Yelverton, Jr., a psychologist, at the Spartanburg Mental Health facility. She reported feelings of depression, nervousness, sleep disturbance, frequent nightmares, and crying. She was diagnosed as suffering from major depression, recurrent with unspecified features. Johnson agreed to meet for approximately ten therapy sessions to attempt to reduce her anxiety and depression. She met the therapist once after her initial evaluation but failed to keep any other scheduled appointments. On September 14, 1987, Dr. Yelverton reported he considered Johnson's treatment terminated due to lack of response.

The medical records reflect that Johnson was seen on May 27, 1987, by Dr. George Hughston, a general practitioner, who noted she was on medication for her blood pressure and inner ear. He prescribed Xanax for her nervousness.

Johnson was seen in the outpatient clinic on July 28, 1987, with complaints of backache and nervousness. She was referred to the Health Department for a pregnancy test.

On January 28, 1988, Dr. Bernard A. Corbett, a general practitioner, performed a consultative examination and reported his diagnostic impression of Johnson as chronic anxiety, dizziness possibly related to inner ear lesion, intrauterine pregnancy, morbid obesity, and hypertension, apparently controlled. Dr. Corbett recommended an ear, nose, and throat evaluation.

Dr. Geera Desai, a psychiatrist, performed a consultative evaluation of Johnson on February 2, 1988. Dr. Desai observed that she showed no acute distress, her emotional reaction was of mild anxiety, and she appeared to be of below average intelligence. Dr. Desai's diagnostic impression was mixed personality disorder, mainly passive-dependent, and borderline personality trait.

Records of the Spartanburg Regional Medical Center reveal that Johnson underwent a bilateral tubal ligation following the birth of a child on February 5, 1988.

Dr. H.F. Butehorn, Jr., an otolaryngologist, reported he saw Johnson on March 9, 1988, due to complaints of dizziness and tinnitus. He reported her initial examination was unremarkable. An audiogram showed an extremely mild low frequency hearing loss in the left ear, while the right ear was totally normal. Dr. Butehorn saw Johnson again on April 5, 1988, and her examination on this date was also unremarkable. An electronystagmography[4] was performed and interpreted as normal. She was directed to double the dosage of the diuretic that she takes for her blood pressure and to take medication for her dizziness.

Dr. Hughston saw Johnson again on March 11, 1988, and April 8, 1988, and he prescribed Xanax for her nervousness and anxiety.

Initially, the Secretary found that Johnson was not disabled. A person is disabled for purposes of Social Security if she "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Secretary determined that Johnson could perform some of her past work, so that she was able to engage in substantial gainful activity. Based on the initial record, Magistrate Judge Catoe agreed that there was substantial evidence to support the position of the Secretary.

■ Although Johnson prevailed and was found to be disabled upon remand and after the taking of additional evidence, there was a reasonable basis for the Secretary's decision that Johnson was not disabled under the Social Security Act. To receive an award under the EAJA, the test

is not merely whether a party eventually prevails. To recover under the EAJA, the position of the United States must not have been substantially justified.

Based on the record, this court finds that the position of the United States had a reasonable basis both in law and fact. Therefore, the position of the United States was substantially justified. The application under the EAJA for attorney fees, costs, and expenses is hereby denied.

IT IS ORDERED that the defendant's motion to dismiss the application for attorney fees, costs, and expenses is hereby denied.

IT IS ORDERED, further, that the application for attorney fees, costs, and expenses is hereby denied.

IT IS SO ORDERED.

---

4. This is a test which measures movements and reactions of the eye. *Dorland's Illustrated Medical Dictionary* 427 (26th ed. 1974). It is a test given to people with dizziness or a balance problem to determine whether the problem is related to the inner ear.