**Philip MISCIAGNO, Plaintiff,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. CV–90–1504.**

United States District Court, E.D. New York.

March 13, 1992.

Kathleen A. Sullivan, Brooklyn Legal Services Corp., Brooklyn, N.Y., for plaintiff.

Andrew J. Maloney, U.S. Atty., E.D.N.Y. by Hilary Firestone, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

SIFTON, District Judge.

This matter is currently before the Court on plaintiff's motion pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(B), for reasonable attorney's fees as the prevailing party in a case against the Secretary of the Department of Health and Human Services.

For the reasons discussed below, this Court finds the motion premature. Under the analysis set forth in *Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), which must be applied retroactively to this case under *James B. Beam Distilling Co. v. Georgia,* —— U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), this case is appropriately viewed as remanded to the Secretary under sentence six of 42 U.S.C. § 405(g). The judgment entered herein on April 16, 1991, is vacated pursuant to Fed.Rules Civ.Proc.Rule 60(b) to reflect that the case was remanded to the Secretary to receive additional evidence as to onset date which the Secretary had no cause to receive earlier and, upon determining the onset date, to calculate benefits. Final judgment is directed to be entered against the Secretary and in favor of the plaintiffs in the amount of $28,544.33.

Plaintiff is given leave to refile his motion for EAJA fees following remand after any appeal of this judgment or when this judgment is no longer appealable.

The following facts, except where expressly noted, are not disputed. On May 19, 1982, Philip Misciagno filed an application for disability and Supplemental Security Income Benefits. The Secretary denied the application after a hearing before Administrative Law Judge ("ALJ") Sugarman on the ground that plaintiff was not disabled. On July 25, 1984, this Court remanded the case. A second hearing was held before ALJ Sugarman on February 6, 1985, in which plaintiff was again denied benefits on the ground that he was not disabled.

On November 30, 1987, this Court again remanded the case to the HHS. On remand the ALJ was ordered to consider a psychiatric evaluation of claimant and to apply the "treating physician rule." *Schisler v. Heckler,* 787 F.2d 76 (2d Cir.1986). A third hearing was held before ALJ Sugar-

man on January 25, 1989. The ALJ denied benefits since he found that plaintiff could perform light work as defined by the residual functional capacity guidelines. The Appeals Council denied review.

The decision of the Secretary was appealed to this Court. On April 16, 1991, this Court determined that the Secretary had again followed incorrect procedure. In view of the procedural history, this Court also stated that it was inappropriate to give the Secretary yet another chance to correct his errors. Plaintiffs Exh. B. This Court, therefore, issued a Decision and Order on April 16, 1991 ("the Order"), which stated:

"For the reasons set forth on the record in open Court this day, the decision of the Secretary of the Department of Health and Human Services is hereby reversed, and the matter is hereby remanded for the calculation of benefits."

Pl.Exh. A. That Decision and Order was not appealed.

On remand, since the onset date of plaintiff's disability had never been determined, the Secretary took evidence from the plaintiff on this subject as well as considering evidence already in the record. Based on this evidence, an onset date of December 1982 was established. On October 7, 1991, plaintiff was advised that this entitled him to approximately $23,000 in retroactive benefits. After challenge relating to the calculation, this amount was recalculated at $28,544.33.

Plaintiff argues that no "final judgment" should have been entered in this case. Defendant argues that final judgment was entered by the remand order and that the application is both time barred and without merit.

## DISCUSSION

EAJA claims must be filed within 30 days of "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A "'final judgment' means a judgment that is final and not appealable." 28 U.S.C. § 2312(d)(2)(G).

The Supreme Court parsed the provisions allowing remand of HHS cases by district courts for further administrative procedures in *Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), and *Melkonyan v. Sullivan*, — U.S. —, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). Under these cases only two types of remands exist, those under the fourth and sixth sentences of 42 U.S.C. § 405(g). *Melkonyan*, 111 S.Ct. at 2164.

The language of the statute reads:

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. [sentence four].... The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. [sentence six]."

42 U.S.C. § 405(g).

Plaintiff concedes *sub silentio* that the April 16, 1991 Order in this case was by its terms a sentence four remand. The order reversed the Secretary's decision. It gave the Secretary no discretion to decide if plaintiff was entitled to benefits; it did not direct the consideration of additional evidence; it merely remanded the case for benefit calculation. *Id.* at 2164; *Finkelstein*, 110 S.Ct. at 2663–66.

Under *Melkonyan*, such a district court order is a "final judgment" which begins the time period for motions for EAJA attorney's fees. The thirty days runs from the end of the Secretary's sixty-day period for appealing this order. Therefore, the successful plaintiff's attorney has ninety days to seek fees after the district court enters a sentence four remand. *Melkonyan*, 111 S.Ct. at 2165. This time limitation is jurisdictional. *Long Island Radio Co. v. NLRB*, 841 F.2d 474, 477 (2d Cir.1988).

Under a sentence six remand, the time to file EAJA petitions is measured from the

court order entered upon the Secretary's revised final decision. *Melkonyan,* 111 S.Ct. at 2165.

By his reply brief, plaintiff seeks to be relieved of the April 16 judgment pursuant to Fed.Rules Civ.Proc.Rule 60(b) based on the peculiar circumstances of this case and the legal developments that have occurred since the April 16 remand. He argues that surprise concerning the legal developments which are detailed below, coupled with the absence of prejudice to the Secretary since the Secretary has proceeded as though the judgment was a sentence six remand, justifies a modification of the April 16 judgment rendering it non-final for purposes of his EAJA fee application and authorizing consideration in the future of his entitlement to an EAJA award.

This argument at the least correctly presents the problem. The central issue is the nature of the April 16 Order. If it was a sentence four remand, as it appears to be on its face, under *Melkonyan* the motion is time barred. The only issue becomes whether *Melkonyan* is retroactive. If it was or should have been a sentence six remand, the time to file under the *Melkonyan* rule has not yet begun.

■ The first issue is whether *Melkonyan* is retroactive. Plaintiff argues that it is not retroactive because *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), recognized that a remanding district court could retain jurisdiction over an HHS case. This argument was considered and rejected by the Supreme Court, *Melkonyan,* 111 S.Ct. at 2162, and, in any event, has nothing to do with the retroactive effect of *Melkonyan.*

The question is whether the rule of *Melkonyan* is retroactive under the general rules for deciding retroactivity. Under the Supreme Court's most recent decision on this issue, *Melkonyan* is retroactive. *James B. Beam Distilling Co. v. Georgia,* — U.S. —, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991).

Several courts considering the question recently have held *Melkonyan* to be prospective after analyzing the factors for determining retroactivity discussed in *Chev-*

*ron Oil Co. v. Hudson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). *See, e.g., Sargent v. Sullivan,* 1991 WL 160091, 1991 U.S.App. LEXIS 19457 (4th Cir.1991) (unpublished decision) [941 F.2d 1207 (table) ]; *Rogers v. Sullivan,* 1991 WL 274446 (N.D.Ill. Dec. 13, 1991); *Brown v. Sullivan,* 1991 WL 225012, 1991 U.S.Dist. LEXIS 1553 (E.D.Pa. Oct. 29, 1991); *Miller v. Sullivan,* 1991 WL 165067, 1991 U.S.Dist. LEXIS 11919 (E.D.Pa. Aug. 23, 1991). However, these cases fail to deal with *Beam.*

Under *Beam,* if, in announcing a "new" rule of law (even if this rule could qualify under *Chevron* for prospective application), the rule-announcing court applies the rule to the case at bar retroactively, then all cases must apply the rule retroactively unless barred by res judicata or procedural requirements. *Beam,* 111 S.Ct. at 2448.

Therefore, if *Melkonyan* both announced and used the rule making the instant motion untimely, this rule is retroactive.

Several courts have so found. *Adair v. Sullivan,* 1991 WL 274236 (D.N.J. Nov. 1, 1991); *Audette v. Secretary,* 776 F.Supp. 84 (D.R.I.1991); *Fergason v. Sullivan,* 771 F.Supp. 1008, (W.D.Mo.1991). At least one court has stated, however, that the language on sentence four remands was merely dicta, so that prospective application has not yet been foreclosed. *Butts v. Bowen,* 775 F.Supp. 1167 (N.D.Ill.1991).

The Supreme Court in *Melkonyan* remanded the case, as the Court could not tell if the district court had intended a dismissal under Fed.R.Civ.P. 41(a) or a sentence six remand. *Melkonyan,* 111 S.Ct. at 2165. The Court had earlier agreed with the parties that a sentence four remand had not been intended. *Id.* at 2163. The Court left open the issue of whether an EAJA application was timely if made before entry of final judgment but after acquisition of prevailing party status. *Id.* at 2166.

However, the Court also made it clear that, if the "remand" had in fact been a dismissal under Fed.R.Civ.P. 41(a), the fee application was time barred since that dis-

missal was the "final judgment" referred to by EAJA. *Id.* at 2165–66.

This is a clear use of the "new" rule on EAJA timing to cut off fee applications by parties relying on the old rules. The Court clearly stated that, unless a district court order is a sentence six remand, the district court order is the "final judgment" starting the time period to file an EAJA fee request.

One court made the interesting pronouncement that *Beam* does not overrule *Chevron* because the judgment of the Court in *Beam* was accompanied by an opinion representing only two justices, Souter and Stevens. *Lopez v. Sullivan,* 780 F.Supp. 496, 503 n. 7 (N.D.Ill.1991). However, the concurring justices sought an even stricter rule on retroactivity. *Beam,* 111 S.Ct. at 2448–51 (concurrences representing Justices White, Blackmun, Marshall and Scalia). The Court has instructed us to read its fragmented opinions by considering the holding of the Court to be the "narrowest grounds" common to a majority of the Court. *Marks v. United States,* 430 U.S. 188, 193, 97 S.Ct. 990, 993, 51 L.Ed.2d 260 (1977). The narrowest ground in *Beam* bestows retroactivity on new rules of law which are used when they are announced.

Accordingly, I must follow the path of *Audette* and *Fergason* in finding *Melkonyan* retroactive. However, the retroactivity of *Melkonyan,* as noted above, is not necessarily dispositive. A spate of litigation has followed the decision. Besides rejecting retroactivity, courts have attempted to soften the decision's impact in a variety of ways, for example, by construing sentence six to include most remands, by finding a subset of sentence four remands still controlled by *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), and by using equitable doctrines.

Some courts have decided that *Hudson* illuminates *Finkelstein* and *Melkonyan.* This reading is suspect since *Hudson* is an earlier case and would seem, therefore, to be limited by the later cases. Under this logic, even though there are only sentence

four and sentence six remands, *Melkonyan,* 111 S.Ct. at 2164, a subset of sentence four remands remains which is governed by *Hudson. Gutierrez v. Sullivan,* 953 F.2d 579 (10th Cir.1992); *Welter v. Sullivan,* 941 F.2d 674, 675 (8th Cir.1991); *Harper v. Sullivan,* 779 F.Supp. 90 (N.D.Ill.1991); *Parsons v. Sullivan,* 140 F.R.D. 352 (S.D.Ohio 1991); *Linkins v. Sullivan,* 779 F.Supp. 1324 (M.D.Fla.1991).

These are remands that do not order benefits. In these, the remand order is not a final judgment for EAJA; the court retains jurisdiction after remand. The final judgment is issued when the administrative proceedings are complete. Therefore, applications for EAJA fees made at the time of remand are denied as premature. *Lineberry v. Sullivan,* 778 F.Supp. 1087 (M.D.Mo.1991) (EAJA motion premature till final judgment is entered by remanding court at end of administrative procedures).

This reading ignores the directive in *Finkelstein* and *Melkonyan* that the court automatically loses jurisdiction on sentence four remands since the remand is a final judgment for EAJA, *Melkonyan,* 111 S.Ct. at 2165, and such final judgments end the civil litigation. *Finkelstein,* 110 S.Ct. at 2663 ("at least in the context of § 405(g), each final decision of the secretary will be reviewable by a separate piece of litigation").

An alternative method is to declare that any remand triggered by the Secretary's use of an incorrect legal standard is a sentence six remand. *Damato v. Sullivan,* 945 F.2d 982, 987 (7th Cir.1991); *Johnson v. Sullivan,* 777 F.Supp. 1277, 1279 (D.S.C. 1991); *Nelson v. Sullivan,* 776 F.Supp. 360, 362 (N.D.Ill.1991); *Hudson v. Sullivan,* 779 F.Supp. 37 (W.D.Pa.1991). This makes the final judgment occur after the end of the administrative proceedings. Under this reading, requests for EAJA fees at the time of remand are also denied as premature. *Nelson,* 776 F.Supp. at 362. These cases rely on the conclusion that a legal error by the Secretary can be good cause under sentence six. They cannot be reconciled with *Finkelstein.*

*Finkelstein* held that a remand based on a legal error by the Secretary was a sentence four remand. That district court remand did not specify that the claimant should get benefits; it remanded for consideration under a correct legal standard which, of course, included considering evidence as it applied to this standard. Some of the evidence to be considered on remand had not been considered originally by the Secretary because it was irrelevant to the original standard. *Finkelstein*, 110 S.Ct. at 2662–63. *Finkelstein* differs from this case, however, because in this case new evidence was taken before the Secretary which, presumably for good cause, had not been taken earlier.

Additionally, *Melkonyan*'s impact has been softened by invoking equity. This must be done carefully, however, because *Beam* clearly shows that reliance on an old rule of law by a class of litigants will not save them. Therefore, the doctrine chosen must identify a reason why the particular claimant is more worthy than the general class.

This approach is taken by *Luna v. HHS,* 948 F.2d 169 (5th Cir.1991). The plaintiff had been told by the remanding district court that it was retaining jurisdiction. The Secretary was ordered to file status reports with the district court to prevent undue administrative delay. No EAJA application was filed until after the administrative proceedings. The *Luna* court characterized the remand as a sentence four remand and found the EAJA petition time barred. However, it invoked equitable tolling under *Bowen v. City of New York,* 476 U.S. 467, 480–82, 106 S.Ct. 2022, 2030–31, 90 L.Ed.2d 462 (1986). *Bowen* teaches that the time limitations in § 405(g) can be equitably tolled under appropriate circumstances.

This approach has several problems. The statue being tolled in *Luna* is not 42 U.S.C. § 405(g). It is 28 U.S.C. § 2412(d)(1)(B). This is a jurisdictional limitation. *Long Island Radio,* 841 F.2d at 477. *Bowen* clearly states that § 405(g) can be tolled only because it is a statute of limitations, not a jurisdictional limitation.

*Bowen,* 476 U.S. at 479 n. 10, 106 S.Ct. at 2029 n. 10.

Furthermore, since it is a waiver of sovereign immunity, section 2412(d)(1)(B) is subject to equitable relaxation only for "affirmative misconduct." *Long Island Radio,* 841 F.2d at 478 (citing *Schweiker v. Hansen,* 450 U.S. 785, 788, 101 S.Ct. 1468, 1470, 67 L.Ed.2d 685 *reh'g denied,* 451 U.S. 1032, 101 S.Ct. 3023, 69 L.Ed.2d 401 (1981)). The misstatement of the remanding court in *Luna* is hard to characterize as affirmative misconduct. Even the more liberal standard which the Court in *Schweiker* refused to accept would not help the *Luna* claimant. That standard required both a misleading government statement concerning a procedural, not a substantive, rule and some objective standard which supports an inference of misconduct by the misleading government agent. *Id.* 450 U.S. at 787–88, 101 S.Ct. at 1470–71. The *Lucas* district court's statement was correct according to the case law of that time. Therefore, the second element cannot be met.

The *Bowen* rule was limited in *Irwin v. Veteran's Administration,* —— U.S. ——, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), *reh'g denied,* —— U.S. ——, 111 S.Ct. 805, 112 L.Ed.2d 865 (1991). That case created a presumption that equitable tolling would be available in suits against the government on the same basis as against individuals. *Id.* 111 S.Ct. at 457. That case described the new rule as excusing late filings—

"in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."

*Id.* at 458.

If courts allow reliance on the old rule of law to qualify as "misconduct," they both depart from the accepted meaning of the word and ignore *Beam.* Moveover, the Secretary's unwillingness in this case to stipulate when the motion would be timely is not misconduct. *Irwin,* therefore, does not help the instant plaintiff.

In addition, if § 405(g) was the statute being tolled, the Second Circuit rule requires a showing that is not met here. "Equitable tolling [of the 60 day filing requirement in § 405] ha[s] thus far been allowed only in those cases where the government has hindered a claimant's attempt to exercise her rights by acting in a misleading or clandestine way." *Wong v. Bowen,* 854 F.2d 630 (2d Cir.1988) (per curiam). Without relying on the change in statutory interpretation, which seems to be barred by *Beam,* no such misleading or clandestine government action is present, at least in the instant case.

In summary, if the instant remand was a sentence four remand, plaintiff's fee motion is time barred.

■ A review of the legal developments set forth above and the facts of this case make clear, however, that plaintiff should be relieved from the April 16 judgment because of surprise, inadvertence, or excusable neglect. When that judgment was signed, neither *Melkonyan,* which made scope of the judgment of such importance in terms of EAJA applications, nor *Beam,* which rendered *Melkonyan* retroactive, had been decided. Had they been decided, the scope of the work to be performed on remand would have been clarified and a sentence six remand ordered. No prejudice has occurred because of plaintiff's failure to anticipate the legal developments which have occurred since on remand the Secretary in fact entertained new evidence concerning the onset date of disability.

The Supreme Court in *Melkonyan* remanded because the district court order was unclear. The instant order is just another in a multitude of judicial statements which did not specify a distinction that at the time of their pronouncement was unimportant. *Finkelstein* teaches us that the effect, not the words, of a judicial order are important. *Finkelstein,* 110 S.Ct. at 2664.

Accordingly, the Order of April 16, 1991, is vacated, and the Clerk is directed to enter a judgment in favor of plaintiff reflecting that the Secretary has authorized payment of $28,544.33 for the period December 1982 through October 1991 and monthly payments of $346 per month from November 1, 1991.

Plaintiff is given leave to renew his EAJA application when the judgment becomes final and nonappealable or following remand.

The Clerk is directed to mail a copy of the within to all parties.

SO ORDERED.