USCA1 Opinion

 

 September 30, 1992 ____________________ No. 92-1066 JOSEPH LABRIE, Plaintiff, Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Jack Comart and Patrick Ende on brief for appellant. ___________ ____________ Richard S. Cohen, United States Attorney, Stuart M. Gerson, __________________ __________________ Assistant Attorney General, William Kanter and Edward T. Swaine, _______________ _________________ United States Department of Justice, on brief for appellee. ____________________ ____________________ Per Curiam. This case compels us to enter the fray ___________ which has arisen in the wake of Melkonyan v. Sullivan, 111 S. _________ ________ Ct. 2157 (1991), concerning the timeliness of attorney's fees applications in so-called "sentence four" Social Security remands. The district court read that decision as creating a "procedural no-man's land"--as mandating that the application here be denied because it was not filed at an earlier time when, under then-prevailing law, it would have been premature. We disagree. I. The facts are straightforward. Joseph Labrie (claimant) filed an application for Supplemental Security Income benefits in December 1985. The Administrative Law Judge (ALJ) denied the claim at step five of the sequential evaluation, the Appeals Council denied review, and claimant filed a timely appeal. A magistrate-judge, to whom the case was referred, determined that the Secretary's decision was unsupported by substantial evidence. In particular, he found that the Secretary failed adequately to consider claimant's subjective complaints of pain. The magistrate-judge recommended that the case be remanded for further proceedings. On January 9, 1990, neither party having filed an objection, the district court entered an order adopting the magistrate-judge's report and recommendation, vacating -2- the Secretary's decision, and remanding for further agency action. On remand, the ALJ conducted a new hearing and, on September 17, 1991, issued a decision awarding benefits to claimant. Following the prevailing practice, claimant then submitted to the district court, on October 22, 1991, a proposed final order and application for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. 2412(d). Among the prerequisites to an EAJA award is that the party file an application "within thirty days of final judgment in the action." Id. 2412(d)(1)(B). Relying on ___ Melkonyan, the district court determined that its January 9, _________ 1990 remand order constituted the final judgment, such that claimant's application needed to have been filed within ninety days of that date.1 The application was thus denied, on November 5, 1991, as being over eighteen months late. Claimant thereafter filed motions for relief under Fed. R. Civ. P. 59(e) and 60(b), which were denied on January 3, 1992. The district court acknowledged that its ruling "may be perceived as an unfair result,"2 but considered such an ____________________ 1. As used in EAJA, final judgment "means a judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C. 2412(d)(2)(G). Under Fed. R. App. P. 4(a)(1), the remand order was "not appealable" after 60 days--giving claimant a total of 90 days to file for fees. 2. As the court realized, pre-Melkonyan case law in this _________ circuit was to the contrary. See, e.g., Guglietti v. ___ ____ _________ Secretary of HHS, 900 F.2d 397, 400 (1st Cir. 1990) (mere ________________ -3- outcome mandated by the intervening Melkonyan decision. This _________ appeal followed. II. A trio of Supreme Court decisions involving claims for disability benefits informs the analysis here. In Sullivan ________ v. Hudson, 490 U.S. 877 (1989), the Court determined that an ______ EAJA fee award could encompass work performed before the agency on remand. Specifically, it found that such agency proceedings may be so "intimately connected" to the judicial proceedings as to be considered part of the "civil action"3 for which EAJA fees were available. Id. at 892. In reaching ___ this conclusion, the Court first took note of the "somewhat unusual" judicial review provisions in 42 U.S.C. 405(g): The detailed provisions for the transfer of proceedings from the courts to the Secretary and for the filing of the Secretary's subsequent findings with the court suggest a degree of direct interaction between a federal court and an administrative agency alien to traditional review ____________________ obtaining of a remand does not make claimant a prevailing party under EAJA). 3. EAJA provides in pertinent part: Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil _____ action ... including proceedings for judicial ______ review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. 2412(d)(1)(A) (emphasis added). -4- of agency action under the Administrative Procedure Act. 490 U.S. at 885.4 It then emphasized three points. First, "[i]n many remand situations, the court will retain jurisdiction over the action pending the Secretary's decision and its filing with the court." Id. at 886.5 Second, where ___ ____________________ 4. The pertinent portions of 405(g) (quoted separately, with sentence numbers added) are as follows: [1] Any individual, after any final decision of the Secretary made after a hearing to which he was a party,... may obtain a review of such decision by a civil action .... [4] The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. [6] The court may, on motion of the Secretary for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based. [7] Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision. 42 U.S.C. 405(g). 5. The Court later elaborated somewhat on this point: "[T]he remanding court continues to retain jurisdiction over the action within the meaning of the EAJA, and may exercise that jurisdiction to determine if its legal instructions on remand -5- a remand for further proceedings does not dictate the receipt of benefits, "the claimant will not normally attain 'prevailing party' status ... until after the result of the administrative proceedings is known." Id. And third, ___ referring to EAJA's requirement that an application be filed within thirty days of "final judgment," it noted that "[a]s in this case, there will often be no final judgment in a claimant's civil action for judicial review until the administrative proceedings on remand are complete." Id. at ___ 887. The Court concluded that EAJA fees for representation on remand were available "where a court orders a remand ... and retains continuing jurisdiction over the case pending a decision from the Secretary which will determine the claimant's entitlement to benefits." Id. at 892. ___ The following term, Sullivan v. Finkelstein, 496 U.S. ________ ___________ 617 (1990), was decided. At issue there was whether a remand order was immediately appealable as a "final decision" under 28 U.S.C. 1291; EAJA was not involved. An agency regulation provided that a surviving spouse (unlike a wage earner) was disabled only if he or she suffered from an impairment meeting the Secretary's Listing of Impairments; age, education and work experience were not to be considered. The district court effectively invalidated this regulation. It found that the claimant did not have a listed impairment, ____________________ have been followed by the Secretary." 490 U.S. at 887-88. -6- but nonetheless remanded because of suggestions that claimant was unable to engage in any gainful activity. The Secretary sought to take an immediate appeal; the appellate court dismissed for lack of jurisdiction. In finding the remand order to be an appealable final decision, the Court distinguished between remands ordered pursuant to sentence four of 42 U.S.C. 405(g) and those pursuant to sentence six. Claimant argued that 405(g), in sentence seven, contemplated an appealable final judgment to be entered by the district court following the remand proceedings. Yet the post-remand review called for under sentence seven, the Court held, referred only to cases that had been remanded under sentence six. And a sentence six remand was only "appropriate when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." 496 U.S. at 626. Rather, the district court's order was a sentence four remand--"a judgment ... reversing the decision of the Secretary, with ... remanding the cause for a rehearing." Id. at 625 (quoting statute). The order was "unquestionably" ___ a judgment: "it terminated the civil action challenging the Secretary's final determination that respondent was not entitled to benefits, set aside that determination, and finally decided that the Secretary could not follow his own -7- regulations in considering the disability issue." Id. And ___ "the fourth sentence directs the entry of a final, appealable judgment even though that judgment may be accompanied by a remand order." Id. at 629. Hudson, despite containing ___ ______ "language ... supporting" claimant's position, id. at 630, ___ was distinguishable: the concern there was with the interpretation of the term "any civil action" in the EAJA, not with the appealability of a remand order under 1291. Id. at 630. The Court did reiterate its conclusions in ___ Hudson that the agency proceedings on remand should be ______ considered part of the civil action for EAJA fee purposes, and that a claimant would not normally attain "prevailing party" status until the result of the remand proceedings was known. Id. ___ In Melkonyan, the issue was what event constituted a _________ "final judgment" for EAJA purposes, triggering the jurisdictional thirty-day filing period. Before the district court, the Secretary had requested a remand for consideration of new evidence; claimant eventually acceded to this request, and the court remanded "for all further proceedings." Claimant was awarded benefits on remand, and neither party thereafter returned to district court for entry of final judgment. Over a year later, claimant applied for EAJA fees. The Ninth Circuit deemed the application untimely, ruling -8- that the Appeals Council's decision to award benefits constituted the EAJA final judgment. In its June 10, 1991 decision, the Supreme Court rejected this view. Congress' use of the term "judgment" in EAJA, it held, "refers to judgments entered by a court of law _________________ and does not encompass decisions rendered by an administrative agency." 111 S. Ct. at 2162. In reaching this conclusion, the Court again distinguished Hudson, ______ indicating that that decision encompassed the "narrow class" of cases "where the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings." Id. ___ As neither party had returned to the district court for entry of final judgment, the question then became whether either was entitled to do so. "The answer depends on what kind of remand the District Court contemplated." Id. at 2163. The ___ choices were only two, for the Court made clear that the sentence four and sentence six remands identified in Finkelstein were the "only kinds of remands permitted under ___________ ____ the statute." Id. at 2164. "[R]emand orders must either ___ accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in -9- sentence six."6 Id. at 2165. The Court then explained when ___ the applicable EAJA filing period commenced for each category of remand: In sentence four cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable.... In sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs. Id. ___ The Court and the parties agreed that the remand order there was not pursuant to sentence four; the district court had sent the case back without making "any substantive ruling" as to the correctness of the agency determination." Id. at 2163. It was possibly a sentence six remand, since it ___ had been prompted by new evidence. If so, the parties could return to district court for entry of final judgment. Yet, as the Court noted, the district court had made no finding that "good cause" had been shown for the failure to present ____________________ 6. The Court also indicated that sentence four was to be construed expansively. It quoted from a House Report stating that a 1980 amendment to sentence six was "not to be construed as a limitation of judicial remands currently recognized under the law in cases [in] which the Secretary has failed to provide a full and fair hearing, to make explicit findings, or to have correctly apply [sic] the law ___ and regulations." 111 S. Ct. at 2165 (quoting H.R. Rep. No. 100, 96th Cong., 1st Sess. 13 (1979)). It then stated: "Thus, under sentence four, a District Court may still remand in conjunction with a judgment reversing in part the Secretary's decision," 111 S. Ct. at 2165--making clear that the listed examples are encompassed by that provision. -10- the additional evidence in the prior proceeding, as sentence six required.7 Nor had it manifested any intention to retain jurisdiction. The Court thus inferred that the lower court may have treated the joint request for remand as a voluntary dismissal, in which case its jurisdiction would have ended, claimant would not be a prevailing party, and no fees would be warranted. Id. at 2165. The case was ___ accordingly remanded to the district court for clarification of its order. III. Melkonyan appears to mandate that every sentence four _________ remand constitutes a final judgment, depriving the district court of jurisdiction and triggering the EAJA filing period. So construed, the case creates a two-part quandary. First, such a rule appears at odds with the rationale of Hudson. As ______ mentioned, the Court there specifically endorsed the retention of jurisdiction by the district court and the entry of final judgment following remand. If Hudson had involved a ______ sentence six remand, of course, the two decisions would easily mesh. Yet, as the Secretary here concedes (and as we now realize), the remand in Hudson was based on sentence ______ ____________________ 7. The Court added that the first clause of sentence six was not implicated, 111 S. Ct. at 2164 n.2., since the Secretary had filed an answer prior to its motion for remand. -11- four, not sentence six.8 Second, in this as in most other circuits, the prevailing practice prior to Melkonyan was for _________ the district court in sentence four remands to retain jurisdiction and enter final judgment following remand, thereby triggering the EAJA filing period. To the extent Melkonyan retroactively abrogates this practice, numerous _________ prevailing parties under EAJA will be relegated to a "catch- 22" situation. Courts have endeavored, in a variety of ways, to reconcile Hudson and Melkonyan and/or to mitigate the ______ _________ perceived hardship stemming from the latter. The result has been a welter of divergent, often conflicting, opinions. One school of thought recognizes a subcategory of sentence four remands in which a district court may retain jurisdiction and enter final judgment following the agency decision on remand. ____________________ 8. In Trinidad v. Secretary of HHS, 935 F.2d 13 (1st Cir. ________ _________________ 1991) (per curiam), which issued prior to Melkonyan, we _________ indicated that Hudson involved a sentence six remand. Id. at ______ ___ 16 n.2. It is now apparent that we were in error. In the Hudson litigation, the Eleventh Circuit found that the ______ Secretary had failed (1) to consider the combined effects of Hudson's impairments, as required by regulation, and (2) to make clear the weight accorded the evidence considered. It accordingly vacated and remanded "for further consideration under proper legal standards." Hudson v. Heckler, 755 F.2d ______ _______ 781, 783 (11th Cir. 1985) (per curiam). As Melkonyan makes _________ plain, see note 6 supra, such a remand is encompassed by ___ _____ sentence four. See, e.g., Gutierrez v. Sullivan, 953 F.2d ___ ____ _________ ________ 579, 584 (10th Cir. 1992) (Hudson involved sentence four ______ remand); Heredia v. Secretary of HHS, 783 F. Supp. 1550, 1556 _______ ________________ n.12 (D.P.R. 1992) (same). But see Spurlock v. Sullivan, 783 _______ ________ ________ F. Supp. 474, 479 (N.D. Cal. 1992) (suggesting Melkonyan _________ limited application of Hudson to sentence six cases). ______ -12- Applicable to cases where the court does not dictate an award of benefits but merely calls for further proceedings, such a practice is said to be consistent with Hudson, not ______ inconsistent with Melkonyan (or at least not foreclosed by _________ what is described as dicta in that decision), and in line with accepted notions of when a party "prevails" for EAJA purposes. The Eighth and Tenth Circuits subscribe to this approach,9 see Hafner v. Sullivan, ___ F.2d ___, 1992 WL ___ ______ ________ 188996 (8th Cir. Aug. 11, 1992); Gutierrez v. Sullivan, 953 _________ ________ F.2d 579, 584 (10th Cir. 1992); Welter v. Sullivan, 941 F.2d ______ ________ 674, 675 (8th Cir. 1991), as do a host of district courts.10 The Fifth Circuit has rejected it, see Luna v. ___ ____ Department of HHS, 948 F.2d 169, 172-73 (5th Cir. 1991) ___________________ (applying conclusion in Frizzell v. Sullivan, 937 F.2d 254 ________ ________ ____________________ 9. In Scanlon v. Sullivan, ___ F.2d ___, 1992 WL 171571 (9th _______ ________ Cir. July 24, 1992), the Ninth Circuit seems to have implicitly approved of this practice, refusing to consider theSecretary's Melkonyan argument because not raised below. _________ 10. See, e.g., Lenz v. Secretary of HHS, ___ F. Supp. ___, ___ ____ ____ ________________ 1992 WL 199838 (D.N.H. 1992); Rodriguez v. Secretary of HHS, _________ ________________ ___ F. Supp. ___, 1992 WL 171169 (D.P.R. 1992); Allbritton v. __________ Secretary of HHS, ___ F. Supp. ___, 1992 WL 143713 (D. Mass. ________________ 1992); Kling v. Secretary of HHS, 790 F. Supp. 145, 149-50 _____ _________________ (N.D. Ohio 1992); Winn v. Sullivan, 787 F. Supp. 172, 174-75 ____ ________ (E.D. Mo. 1992); Sparling v. Sullivan, 785 F. Supp. 312, 317- ________ ________ 18 (N.D.N.Y. 1992); Heredia v. Secretary of HHS, 783 F. Supp. _______ ________________ 1550, 1557-58 (D.P.R. 1992). -13- (5th Cir. 1991) (per curiam) that all sentence four remands are final judgments), as have a handful of other courts.11 Other courts have reached the same result by an opposite route--construing sentence four narrowly, and holding that an order that simply vacates and remands for further proceedings falls under sentence six.12 This view holds that, notwithstanding the language in Melkonyan, see note 6 supra, _________ ___ _____ such an order is not a "reversal" of the Secretary's decision for purposes of sentence four.13 A third approach, embraced by the Fourth Circuit, see ___ Sargent v. Sullivan, 941 F.2d 1207 (4th Cir. 1991) (per _______ ________ curiam) (table) (text available in Westlaw), and by a variety ____________________ 11. See, e.g., Misciagno v. Secretary of HHS, 786 F. Supp. ___ ____ _________ ________________ 1120, 1124 (E.D.N.Y. 1992); Lopez v. Sullivan, 780 F. Supp. _____ ________ 496, 500-03 (N.D. Ill. 1991); Butts v. Bowen, 775 F. Supp. _____ _____ 1167, 1170 n.4 (N.D. Ill. 1991). 12. See, e.g., Hudson v. Sullivan, 779 F. Supp. 37, 40 (W.D. ___ ____ ______ ________ Pa. 1991); Johnson v. Sullivan, 777 F. Supp. 1277, 1279 _______ ________ (D.S.C. 1991); Nelson v. Sullivan, 776 F. Supp. 360, 362 ______ ________ (N.D. Ill. 1991). This approach is specifically criticized in Misciagno v. Secretary of HHS, 786 F. Supp. 1120, 1124-25 _________ ________________ (E.D.N.Y. 1992). A number of other courts have implicitly rejected it. See, e.g., Hafner v. Sullivan, ___ F.2d ___, ___ ____ ______ ________ 1992 WL 188996, at *1 (8th Cir. 1992); Gutierrez v. Sullivan, _________ ________ 953 F.2d 579, 582 (10th Cir. 1992). 13. The Seventh Circuit embraced this narrow interpretation of sentence four in Young v. Sullivan, ___ F.2d ___, 1992 WL _____ ________ 194847 (7th Cir. 1992), and Damato v. Sullivan, 945 F.2d 982 ______ ________ (7th Cir. 1991). In both cases, it went on to proffer a curious variant of this approach--suggesting that, because the remand order fell under neither sentence four nor sentence six, the district court may have lacked authority to issue it. See Young, 1992 WL at *3 to *4; Damato, 945 F.2d ___ _____ ______ at 987 n.3. In each instance, such discussion was dicta. -14- of district courts,14 holds that Melkonyan applies on a _________ prospective basis only. A minority contingent adheres to the opposite view.15 The Fifth Circuit in Luna adopted yet a ____ fourth alternative, finding that the EAJA filing period should be equitably tolled because the district court had purported to retain jurisdiction. 948 F.2d at 173.16 And one court has rejected each of the above approaches and embraced still another: invoking Fed. R. Civ. P. 60(b) to vacate its earlier judgment and clarify that the remand was pursuant to sentence six. Misciagno v. Secretary of HHS, 786 _________ ________________ F. Supp. 1120, 1126 (E.D.N.Y. 1992). A remaining alternative, of course, is the one adopted by the district court here--applying Melkonyan to deny the _________ ____________________ 14. See, e.g., Sansano v. Sullivan, 788 F. Supp. 218, 222-25 ___ ____ _______ ________ (D.N.J. 1992); Bacon v. Secretary of HHS, 786 F. Supp. 434, _____ ________________ 438-41 (D.N.J. 1992); Thomas for Brown v. Sullivan, 785 F. _________________ ________ Supp. 788, 791-93 (C.D. Ill. 1992); Rollins v. Sullivan, 784 _______ ________ F. Supp. 253, 256-58 (E.D. Pa. 1992); Santiago v. Sullivan, ________ ________ 783 F. Supp. 223, 225-26 (E.D. Pa. 1992); Lopez v. Sullivan, _____ ________ 780 F. Supp. 496, 503-04 (N.D. Ill. 1991); Sykes v. Sullivan, _____ ________ 779 F. Supp. 29, 31-33 (E.D. Pa. 1991); Butts v. Bowen, 775 _____ _____ F. Supp. 1167, 1171-72 (N.D. Ill. 1991). 15. See, e.g., Allbritton v. Secretary of HHS, ___ F. Supp. ___ ____ __________ _________________ ___, 1992 WL 143713 (D. Mass. 1992); Misciagno v. Secretary _________ _________ of HHS, 786 F. Supp. 1120, 1123-24 (E.D.N.Y. 1992); Salvador _______ ________ v. Sullivan, 786 F. Supp. 830, 834-35 (N.D. Cal. 1992); ________ Audette v. Secretary of HHS, 776 F. Supp. 84, 89-90 (D.R.I. _______ _________________ 1991); Hudson v. Sullivan, 779 F. Supp. 37, 40 (W.D. Pa. ______ ________ 1991); Fergason v. Sullivan, 771 F. Supp. 1008, 1012 (W.D. ________ ________ Mo. 1991). 16. This holding is rejected in Allbritton v. Secretary of __________ ____________ HHS, ___ F. Supp. ___, 1992 WL 143713, at *7 (D. Mass. 1992); ___ Misciagno v. Secretary of HHS, 786 F. Supp. 1120, 1125-26 _________ _________________ (E.D.N.Y. 1992). -15- EAJA application as untimely. As far as we are aware, this result has been reached in only a handful of cases. See, ___ e.g., Salvador v. Sullivan, 786 F. Supp. 830 (N.D. Cal. ____ ________ ________ 1992); Audette v. Secretary of HHS, 776 F. Supp. 84 (D.R.I. _______ _________________ 1991); Fergason v.Sullivan, 771F. Supp. 1008(W.D. Mo.1991).17 ________ ________ IV. Petitioner relies on three of the approaches described above plus one additional basis for relief. Specifically, he argues (1) that the "retained jurisdiction" approach of the Eighth and Tenth Circuits should be adopted; (2) that Melkonyan should be applied prospectively only; (3) that the _________ district court erred in denying his motion for equitable ____________________ 17. The Secretary argues that adopting this last alternative need not be inconsistent with accepted notions of when a claimant becomes a prevailing party. In his view, Hudson and ______ Melkonyan can be reconciled, at least in part, by (1) deeming _________ all sentence four remands to be final judgments, triggering the EAJA filing period, and (2) thereafter holding the EAJA application in abeyance until it is determined whether claimant prevails on remand. As far as we are aware, this argument has gained no judicial adherents. To the contrary, the proposal of holding EAJA applications in abeyance has been specifically rejected. See Hafner v. Sullivan, ___ F.2d ___, 1992 WL 188996, at *1 ___ ______ ________ (8th Cir. 1992) (describing it as "the ultimate in laying traps for the unwary and senselessly cluttering court dockets"); Heredia v. Secretary of HHS, 783 F. Supp. 1550, _______ _________________ 1558 (D.P.R. 1992); Spurlock v. Sullivan, 783 F. Supp. 474, ________ ________ 481 (N.D. Cal. 1992). Indeed, the Spurlock court (after ________ endorsing the first part of the Secretary's argument) held that a claimant becomes a prevailing party simply by obtaining a sentence four remand, regardless of whether benefits are ultimately awarded. Id. at 482. This view has ___ been embraced by several other courts. See Gagnon v. ___ ______ Sullivan, ___ F. Supp. ___, 1992 WL 145192 (D. Me. 1992); ________ Audette v. Secretary of HHS, 776 F. Supp. 84, 91 (D.R.I. _______ _________________ 1991); Dow v. Sullivan, 774 F. Supp. 46, 48-49 (D. Me. 1991). ___ ________ -16- relief under Fed. R. Civ. P. 60(b); and (4) that no final judgment was ever entered here because no "separate document" was issued under Fed. R. Civ. P. 58. As we accept his first contention, the others need not be addressed. In conformance with Welter, Gutierrez and Hafner, we ______ _________ ______ agree that a district court may retain jurisdiction pending a sentence four remand and thereafter enter final judgment for EAJA purposes.18 As mentioned, the Court in Hudson ______ specifically endorsed such a situation. Neither Finkelstein ___________ nor Melkonyan purported to overrule Hudson; to the contrary, _________ ______ they acknowledged its continuing validity. See also _________ Ardestani v. INS, 112 S. Ct. 515, 521 (1991). And while _________ ___ Melkonyan contains language seemingly at odds with this _________ position, that language was dicta: Melkonyan was not a _________ sentence four case; Hudson was. Under these circumstances, ______ we reject the Secretary's suggestion that Melkonyan overruled _________ Hudson in this respect sub silentio. We think Hudson ______ _____________ ______ controls. We therefore adopt the conclusion reached in Hafner: ______ [W]hen a judicial remand order in Social Security disability cases contemplates additional ____________________ 18. Several courts adopting this position have gone on to indicate that, by analogy to 405(g), a claimant has sixty days following notice of a favorable administrative award to petition the court for the entry of final judgment. See, ___ e.g., Lenz v. Secretary of HHS, ___ F. Supp. ___, 1992 WL ____ ____ _________________ 199838, at *2 (D.N.H. 1992); Kling v. Secretary of HHS, 790 _____ _________________ F. Supp. 145, 149-50 (N.D. Ohio 1992). The instant case provides no occasion to address this issue. -17- administrative proceedings that will determine the merits of the claimant's application for benefits, and thus will determine whether the claimant is a prevailing party, the district court retains discretion to enter a final judgment for EAJA purposes after the proceedings on remand have been completed. On the other hand, if the remand order directs the Secretary to award benefits, the claimant is a prevailing party and the remand order is the final judgment for EAJA purposes. ___ F.2d at ___, 1992 WL 188996, at *2 (footnote omitted).19 The Secretary argues that any standard based on the subjective intent of the district court would prove unworkable. Yet we think it can be presumed that the court does intend to retain jurisdiction in such cases absent an express indication to the contrary. See id. (Welter applies ___ ___ ______ even if sentence four remand order does not "evidence an intent to retain jurisdiction"). The Secretary also suggests that the court here manifested just such an intent to relinquish jurisdiction. This contention is frivolous. Such ____________________ 19. The Eighth Circuit added that a sentence four remand order would still be immediately appealable under Finkelstein, explaining that "[a]s a matter of statutory ___________ construction and common sense, we see no reason why an appealable 'final judgment' under 405(g) must necessarily be a 'final judgment' for purposes of 2412(d)(1)(B)." ___ F.2d at ___, 1992 WL 188996, at *3 n.3. While we need not address that issue here, we note that such a distinction finds support in Finkelstein. There, in distinguishing a ___________ remark in a congressional report that a remand under 405(g) is not a final judgment, the Court stated: "[T]his part of this particular committee report concerned the proper time period for filing a petition for attorney's fees under EAJA, not appealability." 496 U.S. at 629 n.8. Cf. Budinich v. ___ ________ Becton Dickinson & Co., 486 U.S. 196 (1988) (a decision on _______________________ merits is appealable "final decision" under 1291 even though recoverability or amount of attorney's fees remains to be determined). -18- an intent would have been at odds with the practice prevailing in January 1990. No final judgment was entered on the docket at that time. No such suggestion can be inferred from the court's subsequent orders denying the EAJA application, since the remand had been ordered by a different judge. And it is apparent that the court denied the application in the belief that such a result was compelled by Melkonyan--a belief we now find to have been misplaced. _________ For these reasons, we conclude that no final judgment for EAJA purposes has been issued, and that claimant is entitled to return to district court for entry of such a judgment and for consideration of his fees application. Reversed and remanded for further proceedings. ______________________________________________ -19-