**Thomas MARRERO DIAZ, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. 90–2133 GG.**

United States District Court, D. Puerto Rico.

Nov. 6, 1992.

Juan A. Hernández Rivera, San Juan, P.R., for plaintiff.

José Vázquez García, Asst. U.S. Atty., Hato Rey P.R., for defendant.

## ORDER

GIERBOLINI, Chief Judge.

Plaintiff filed a motion for issuance of judgment so that he could apply for attorneys fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, as a prevailing party. We referred this motion to the magistrate for a report and recommendation.

The magistrate filed a report and recommendation on August 4, 1992 in which he concluded that a final judgment should not be entered until such time as a favorable administrative decision is issued on remand, and the time for the Appeals Council to review and affirm such decision elapsed. The magistrate stated that the application for fees should then be filed, within thirty days thereof, and upon renewal of the petition for entry of judgment. The government has filed objections to the magistrate's report and recommendation.

We ADOPT the ultimate conclusion of the magistrate's report and recommendation, and REJECT the government's objections to such report. The difficulty in determining when a final judgment should issue for purposes of tolling the time period in which a party can seek attorneys fees under the EAJA, arises from the difficulty in reconciling a trilogy of Supreme Court cases dealing with this subject matter. *Melkonyan v. Sullivan*, —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991); *Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990); and *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989).

The conflict arises in determining whether or not a district court's remand to the agency is done pursuant to sentence four [1] or sentence six [2] of 42 U.S.C. § 405(g), and whether a district court retains jurisdiction over the case pending a decision of the agency regarding the claimant's entitlement to benefits. The most recent Supreme Court case of the three, *Melkonyan*, found that based on its holding in *Finkelstein*, there are only two types of remands available under the Social Security Act, a remand either under sentence four or under sentence six of 42 U.S.C. § 405(g). *Melkonyan*, —— U.S. at ——, 111 S.Ct. at 2164.

*Melkonyan* stated that, "in § 405(g) actions, remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in sentence six," *Melkonyan*, —— U.S. at ——, 111 S.Ct. at 2165.

Despite this language, *Melkonyan* recognized the continuing validity of *Hudson*, since *Melkonyan* neither overruled or distinguished *Hudson*, and explicitly characterized *Hudson* as a case "where the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings." —— U.S. at ——, 111 S.Ct. at 2162. *Hudson* in turn included language stating that, "As in this case, there will often be no final judgment in a claimant's civil action for judicial re-

---

**1.** Sentence four of 42 U.S.C. § 405(g) states, "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."

**2.** Sentence six of 42 U.S.C. § 405(g) provides that, "The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based."

view until the administrative proceedings on remand are complete." *Hudson,* 490 U.S. at 887, 109 S.Ct. at 2255, *citing Guthrie v. Schweiker,* 718 F.2d 104, 106 (4th Cir.1983).

Although we did not make an explicit finding in our Opinion and Order of April 20th, 791 F.Supp. 905, we hold that our order to remand there was pursuant to sentence four of § 405(g). We likewise adopt the approach taken by the Tenth and Eighth Circuits, by this district court and the one recently adopted by our Circuit. *Labrie v. Secretary of HHS,* 976 F.2d 779 (1st Cir.1992); *Hafner v. Sullivan,* 972 F.2d 249 (8th Cir.1992); *Gutierrez v. Sullivan,* 953 F.2d 579, 584 (10th Cir.1992); *Welter v. Sullivan,* 941 F.2d 674, 675 (8th Cir.1991); *Lenz v. Secretary of HHS,* 798 F.Supp. 69 (D.N.H.1992) and *Heredia v. Secretary of Health and Human Services,* 783 F.Supp. 1550, 1556 (D.P.R.1992).

These courts all recognize a "subcategory of cases in which the district court makes a fourth sentence remand but intends to retain jurisdiction over the action pending further administrative proceedings and enter a final judgment after those proceedings are completed." *Gutierrez,* 953 F.2d at 584; *Accord Welter,* 941 F.2d at 675; and *Heredia,* 783 F.Supp. at 1556.

Until instructed otherwise by the Supreme Court or our circuit in a post-*Labrie* case, we find that the approach of the *Labrie* and *Gutierrez* courts best reconciles the apparent conflict between the Supreme Court's decisions in *Melkonyan* and in *Hudson.* Therefore, we AFFIRM the conclusion of the magistrate's report and accordingly DENY plaintiff's motion for entry of final judgment. We will retain jurisdiction over this case until the agency makes a post-remand determination as to plaintiff's application for disability benefits.

SO ORDERED.