David **PERSICHETTI**, Appellant,

v.

**SECRETARY, HEALTH & HUMAN SERVICES**, Appellee.

Nos. 92–3412, 92–3413.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
March 3, 1993.

Decided March 31, 1993.

Glenn S. Sinko, Pittsburgh, PA, for appellant.

Stephen M. Walker, Dept. of Health & Human Services, Philadelphia, PA, E. Roy Hawkens, U.S. Dept. of Justice, Washington, DC, for appellee.

Before BECKER, and GREENBERG, Circuit Judges, and ROBINSON, District Judge.*

## OPINION OF THE COURT

PER CURIAM.

This is another in a series of cases arising in the wake of *Melkonyan v. Sullivan,* — U.S. —, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), concerning the timeliness of applications for attorney's fees following "sentence four" Social Security disability case remands. 42 U.S.C. § 405(g) (fourth sentence).

Appellant David Persichetti, having lost his case for disability benefits at the administrative level, and having sought review in the district court, was the beneficiary of an August 12, 1991 order of the district court vacating the administrative finding of non-disability and remanding the case to the administrative agency for further proceedings consistent with the court's instructions.[1] On February 10, 1992, following the remand, an Administrative Law Judge issued a decision favorable to Persichetti ordering that he receive disability benefits.

On May 7, 1992, Persichetti filed an application for attorney's fees under the Equal Access to Justice Act ("EAJA"). 28 U.S.C.A. § 2412(d) (West Supp.1992). The Secretary responded that the August, 1991 remand was ordered pursuant to § 405(g) sentence four and had been a final order, so that the attorney's fee application filed some six months later (in May, 1992) was untimely. Persichetti rejoined that the August, 1991 decision and order was rendered under the sixth sentence of 42 U.S.C. § 405(g), that it was therefore not final, and hence that his EAJA application was timely filed. The district court, however, agreed with the Secretary and denied Persichetti's application for fees under the EAJA as being untimely. Persichetti then sought an order establishing a new final order date (so as to validate his appeal). The district court denied the motion, reiterating that the August 12, 1991 decision and order was a remand under the fourth sentence of 42 U.S.C. § 405(g) and was, therefore, a final order.

The determination whether Persichetti's EAJA application was properly dismissed by the district court turns on an examination of the fourth and sixth sentences of 42 U.S.C. § 405(g), as well as EAJA, 28 U.S.C. § 2412. The fourth sentence of 42 U.S.C. § 405(g) provides:

The court shall have power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

42 U.S.C.A. § 405(g) (West 1991). The sixth sentence of 42 U.S.C. § 405(g) provides:

The court may, on motion of the Secretary, made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before

* Honorable Sue L. Robinson, United States District Judge for the District of Delaware, sitting by designation.

1. The district court held that the Secretary should have obtained expert vocational testimony regarding the existence of jobs in the local and national economies that Persichetti could perform despite his impairments. The court also ruled that the Administrative Law Judge had improperly drawn negative inferences from certain medical evidence.

the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both....

42 U.S.C.A. § 405(g) (West 1991).

The EAJA provides in pertinent part:

[A] court shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A. § 2412(d)(1)(A) (West Supp. 1992).

The EAJA also provides:

A party seeking an award of fees and other expenses shall, within 30–days of final judgment in the action, submit to the court an application for fees and other expenses which show that the party is a prevailing party and is eligible to receive an award under this subsection....

28 U.S.C.A. § 2412(d)(1)(B) (West Supp. 1992). Thus, a prevailing party must file an application for attorney's fees within thirty days of the entry of a *final* order in an action (in this case, thirty days after the expiration of the sixty-day period in which the Secretary could file an appeal from the court's order as provided by Fed.R.App.P. 4(a)(1)).

■ The parties have extensively briefed the question whether the district court remand was under the fourth or sixth sentence of § 405(g). However, this is clearly not a sentence six case, despite the plaintiff's argument to that effect, because the district court did not find that there was new evidence. *See Sullivan v. Finkelstein*, 496 U.S. 617, 625, 110 S.Ct. 2658, 2664, 110 L.Ed.2d 563 (1990). Because this is a sentence four remand, we must determine at what point the district court may have issued a "final order" which would have started the clock for the thirty-day

filing period for a prevailing party under EAJA. To answer this question, we must look to the Supreme Court's decisions in *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989); *Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990); and *Melkonyan, supra*, which dealt with this area.

However, as the First Circuit has forcefully demonstrated, *see Labrie v. Secretary of HHS*, 976 F.2d 779 (1st Cir.1992), these opinions are in tension, and § 405(g) is opaque on the finality point. Under *Hudson*, although sentence four orders are generally final orders, when the district court retains jurisdiction, the remand order is *not* the final order; rather only the order after the administrative proceedings have concluded is final. *See* 490 U.S. at 886, 109 S.Ct. at 2255. But *Melkonyan* casts doubt upon the *Hudson* rule. Specifically, following the reasoning of *Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), *Melkonyan* holds that a court's decision to enter a sentence four remand constitutes a final judgment. *Melkonyan* further holds that the filing period for EAJA purposes generally begins after the final judgment is entered by the court and the appeal period has run. *See —— U.S. at ——, 111 S.Ct. at 2165. Despite the tension between this reasoning and the Court's approach in *Hudson*, the *Melkonyan* Court disclaimed any intent to overrule *Hudson*. Rather, the Court found that *Hudson* "stands for the proposition that in those cases where the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings, a claimant may collect EAJA fees for work done at the administrative level." —— U.S. at ——, 111 S.Ct. at 2162

■ Fortunately, the First Circuit in *Labrie, supra*, has ably addressed the tension in these Supreme Court opinions, and has written a lucid and persuasive analysis on the very point at issue here. In the wake of *Labrie*, we would accomplish little by adding to the pages of the federal reporter. Thus, we adopt the reasoning and holding of *Labrie*.

*Labrie* seeks to reconcile *Hudson* and *Melkonyan* by holding that, when the dis-

# Page 83

trict court issues what would usually be construed as a § 405(g) sentence four order, which is the case here, it can be presumed that the district court intended to retain jurisdiction absent an express indication to the contrary.[2] We agree. We also adopt, as does *Labrie*, the 8th Circuit rule that

> When a judicial remand order in Social Security disability cases contemplates additional administrative proceedings that will determine the merits of the claimant's application for benefits, and thus will determine whether the claimant is a prevailing party, the district court retains discretion to enter a final judgment for EAJA purposes after the proceedings on remand have been completed.

*Hafner v. Sullivan*, 972 F.2d 249, 250–51 (8th Cir.1992).

The result achieved in *Labrie* is eminently sensible. Whether the plaintiff will ultimately be a prevailing party entitled to EAJA counsel fees cannot be determined until after the administrative proceedings (on remand) have been concluded. To require the plaintiff to apply for counsel fees merely because he or she succeeds in obtaining an order from the district court remanding the case to the Secretary makes no sense, because the plaintiff may very well lose before the Secretary. The result in *Labrie* allows the parties to await the outcome of the administrative proceedings at which time prevailing party status may accurately be determined.

In this case, there was no express indication that the district court did not intend to retain jurisdiction.[3] Therefore, following *Labrie*, we will vacate the order of the district court and remand with instructions that it consider the plaintiff's application for counsel fees under EAJA.

---

2. This holding obviates the *Melkonyan* problem, and it makes the *Hudson* rule applicable.

3. The district court's order reads
   1. The cross motions of the parties for summary judgment are denied.

2. The above-captioned civil action is remanded to the Secretary for further proceedings in accordance herewith.